UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

FREDERICK DILLON,

                                 Plaintiff,

    vs.                                                           9:15-CV-106 (BKS/ATB)

DR. R. ADAMS, *et al.*,

                                 Defendants.

---

FREDERICK DILLON, Plaintiff pro se
JOSHUA L. FARRELL, AAG, Attorney for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Brenda K. Sannes, United States District Judge.

In this civil rights complaint,[1] plaintiff alleges that while he was confined at the Clinton Correctional Facility ("Clinton"), Dr. Adams denied plaintiff proper medical care for his genital warts,[2] that defendant Johnson sexually assaulted plaintiff and then hit him in the head in retaliation for grievances that he filed, and that defendant Ludwig failed to protect plaintiff from the assault. (Dkt. No. 25 at 6, 8-18). Plaintiff seeks

---

[1] Plaintiff's "complaint" consists of a complaint that was transferred to the Northern District of New York from the Eastern District of New York on January 28, 2015, together with a "supplement" to the complaint that plaintiff filed on April 6, 2015. (Dkt. Nos. 1, 9).

[2] The complaint has also been interpreted as raising a claim against D. Quinn, First Deputy Superintendent because plaintiff forwarded the "concerns" about his medical care to D. Keysor, who "stated [that] he forward[ed] [plaintiff's] concerns to D. Quinn . . . ." (Dkt. No. 25 at 18) (citing Compl. at 5).

substantial monetary relief. Presently before the court is defendants' motion to revoke plaintiff's in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(g). (Dkt. No. 42). Plaintiff has responded in opposition to defendants' motion, and defendants have filed a reply. (Dkt. Nos. 43, 44). Plaintiff has also filed what has been called a motion to "amend" and "requesting reconsideration for Dr. Adams to be a party to this action."[3] (Dkt. No. 29). Plaintiff has also moved for appointment of counsel. (Dkt. No. 41). For the following reasons, this court finds that, based on the analysis in Judge Sannes's April 30, 2015 Order, plaintiff has satisfied the "imminent danger" exception for this action and will recommend denying defendants' motion to dismiss.

## I. "Three Strikes" Provision of the PLRA

### A. Legal Standards

The "three strikes" section of the PLRA prohibits the filing of an IFP action when the plaintiff has had federal actions or appeals dismissed on at least three prior occasions, either for failure to state a claim or for frivolousness. 28 U.S.C. § 1915(g). The purpose of section 1915(g) is to "stem the tide of egregiously meritless lawsuits" by "forcing prisoners to go through the same thought process non-inmates go through before filing a suit, *i.e.* is filing this suit worth the costs?" *Tafari v. Hues*, 473 F.3d 440, 443 (2d Cir. 2007) (citations omitted).

Section 1915(g) provides that:

---

[3] This part of plaintiff's motion is completely unclear because Dr. Adams was not dismissed in Judge Sannes's order of August 25, 2015, and Dr. Adams is still a party to this action. In a subsequent submission, plaintiff asked "make a relief" against Dr. Adams for $10,000.00, and on the same day, filed another document stating that he wished to "settle" this case against Dr. Adams for $3,000.00. (Dkt. Nos. 29, 30).

2

> [i]n no event shall a prisoner bring **a civil action or appeal a judgment in a civil action or proceeding** [IFP] if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought **an action or appeal** in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(Emphasis added). An action may be dismissed pursuant to section 1915(g), even if the court originally granted plaintiff IFP status. *See, e.g., Gamble v. Maynard*, 9:06-CV-1543 (DNH/DEP), 2008 WL 150364, at *5 (N.D.N.Y. Jan. 14, 2008) (conditionally dismissing complaint under section 1915(g) and finding that IFP status was improvidently granted); *Luevano v. Clinton*, 5:10-CV-754 (GTS/ATB), 2010 WL 3338704, at *3 (N.D.N.Y. July 1, 2010).

If plaintiff has three strikes, section 1915(g) prevents plaintiff from filing a subsequent action IFP[4] unless the plaintiff is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). This exception to section 1915(g) has been interpreted to apply only if the plaintiff faces imminent danger of serious physical injury "at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).

Congress enacted the "imminent danger" exception to create a safety valve to prevent *impending* harms to prisoners who would otherwise be barred from proceeding IFP. *See Id.* at 563. The danger must be present when the plaintiff files his complaint. *Id*. Allegations of "ongoing serious physical injury, or of a pattern of misconduct

---

[4] A plaintiff who is subject to the three-strikes rule is not barred from filing the action, but he must pay the filing fee before the case can proceed.

evidencing the likelihood of imminent serious physical injury" may qualify for the imminent danger exception. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). (internal quotations omitted).  However, "a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citations omitted).

In considering whether plaintiff has sufficiently demonstrated that he is entitled to in forma pauperis status pursuant to the "imminent danger" exception to the three-strikes rule, the Court is guided by the Second Circuit's recent decision in *Chavis v. Chappius*, 618 F.3d 162 (2d Cir. 2010).  In *Chavis*, the court found that

> Chavis's attempt to expand on his complaint stated that one of the officers who had allegedly beaten him on July 17 had 'verbally threatend[ed] to assault [him] again,' and that another of those officers had visited his cell 'for intimidation reasons.'  This by itself would appear to be sufficient to allege imminent danger of serious physical injury.  An allegation of a ***recent*** brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception.

618 F.3d at 170 (emphasis added).  The court also stated that the feared physical injury must be "serious," and that the court should not make an "overly detailed inquiry into whether the allegations qualify for the exception because section 1915(g) concerns only "a threshold procedural question," while other portions of section 1915 deal with the early screening of meritless suits. *Id.* at 169-70 (quoting *Andrews, v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)) (other citation omitted).

Finally, the court in *Chavis* also held that if plaintiff adequately alleges imminent danger on some claims, the action may proceed on any other claims contained in the same complaint, even though they may lack a nexus to imminent danger. 618 F.3d at 171. Read another way, *Chavis* holds that at least one of the claims must have a nexus to the "imminent danger" that plaintiff asserts. *See also Pettus*, 554 F.3d at 298 (the imminent danger must be "fairly traceable to unlawful conduct asserted in the complaint, and a favorable outcome would redress that injury). This court does not read *Chavis* or *Pettus* to hold that a "general" allegation of danger will suffice to allow a "three strikes" plaintiff to file multiple complaints with claims that are entirely unrelated to the allegation of danger.

In *Brown v. Philidelphia*, the Third Circuit held that it "need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit 'factual claims of imminent danger that are 'clearly baseless,' *i.e.* allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *Brown v. Philadelphia*, 331 F. App'x 898, 900 (3d Cir. 2009). The court may consider "judicially noticable facts in determining whether the allegations are baseless or wholly incredible." *Id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

In *Brown*, the court took "judicial notice of the fact that Brown has demonstrated a pattern of abusing judicial process by repeatedly filing frivolous actions" and considered that Brown had managed to evade the three strikes rule and continue to pursue filings by "repeatedly invoking the imminent danger exception under § 1915(g)." *Id.* The court examined Brown's other actions and "confirmed that they are

5

all substantially similar, setting forth myriad vague, generalized, and unsupported claims." *Id.*

B.  **Application**

There is no dispute in this case that plaintiff has three strikes. Plaintiff's strikes were discussed by United States District Court Judge Nicholas G. Garaufis in his transfer order. (Dkt. No. 4). In a footnote, Judge Garaufis stated that "[s]ince 2012, plaintiff has filed 24 other civil actions in the United States Court for the Eastern and Southern Districts of New York . . . ." (Dkt. No. 4 at 1 n.1). Judge Garaufis further stated that "many" of those cases were dismissed for failure to state a claim, "thus qualifying as strikes under section 804 of the [PLRA] . . . ." The Eastern District of New York had "recently . . . denied Plaintiff permission to proceed IFP in several actions upon finding that Plaintiff was not in danger of imminent harm at the time he filed his complaints . . . ." (*Id.*) (citations omitted).

In her April 30, 2015 Order, Judge Sannes discussed Judge Garaufis's order, citing the above footnote and noting the plaintiff's cases that were found to constitute strikes.[5] (Dkt. No. 11 at 3 n.4). The April 30, 2015 order concluded that "based upon the plaintiff's prior litigation history and the prior Orders from the Eastern District of New York, unless it appears that the imminent danger exception to the three-strikes rule

---

[5] The actions found to constitute "strikes" by the court in the Eastern District of New York were: (1) *Dillon v. City of New York*, 12-CV-7775, 2014 WL 658095 (S.D.N.Y. Feb. 19, 2014); (2) *Dillon v. City of New York*, 12-CV-6740, Order (S.D.N.Y. Dec. 19, 2013); (3) *Dillon v. City of New York*, 12 CV 7113, 2013 WL 6978959 (S.D.N.Y. Nov.18, 2013); (4) *Dillon v. City of New York*, 12 CV 6746, 2013 WL 3776252 (S.D.N.Y. July 18, 2013); (5) *Dillon v. City of New York*, 12 CV 7112, 2013 WL 3776167 (S.D.N.Y. July 18, 2013); and (6) *Dillon v. City of New York*, 12 CV 3872, Order (S.D.N.Y. June 24, 2013).

is applicable in this action, plaintiff may not proceed with this action [IFP]." (Dkt. No. 11 at 4-5).

In analyzing the imminent danger exception, Judge Sannes found that based upon the holding in *Chavis*, the court did not need to decide whether plaintiff's medical care claim was sufficient to constitute "imminent danger," because plaintiff included his sexual assault claim in his motion for preliminary injunction. (Dkt. No. 11 at 6). The court found that plaintiff's allegations regarding defendant Johnson's alleged sexual abuse and plaintiff's fear of retaliation were preliminarily sufficient to grant IFP based on the imminent danger exception. (Dkt. No. 11 at 7). However, Judge Sannes specifically stated that "[t]his conclusion is a **preliminary finding**, and plaintiff's [IFP] status will be revoked if, as the case progresses, it is determined that he did not face imminent danger of serious physical injury when he commenced this action or is otherwise not entitled to proceed [IFP]." (*Id.*) (emphasis in original). The order noted that the "Defendants are entitled to refute this preliminary finding in future filings." (*Id.* at 7 n.9).

**B.     Application**

In their memorandum of law, defendants argue that plaintiff's transfer out of Clinton to another facility "moots" his claim of imminent danger. Defendants cite *Welch v. Selsky*[6] and *Salahuddin v. Goord*,[7] and argue that even though plaintiff filed his action while he was still at Clinton, in light of his subsequent transfer, he cannot

---

[6] No. 9:06-CV-812, 2008 WL 238533, at *6 n.4 (N.D.N.Y. Jan. 28, 2008).

[7] 467 F.3d 263, 272 (2d Cir. 2006).

7

establish any imminent danger.  The body of the *Welch* decision states that the plaintiff was attempting to raise new facts in his response to the motion to dismiss in an attempt to establish imminent danger.  Magistrate Judge Peebles stated that "[p]laintiff . . . did not propound this claim in his complaint now before the court.  Based on the pleadings before me, it is apparent that this allegation also does not relate to circumstances in existence at the time he filed this lawsuit, and therefore does not provide a basis for me to find that plaintiff is under imminent danger . . . ." 2008 WL 238533, at *6.  However, *Chavis*, which was relied upon by Judge Sannes, was decided by the Second Circuit two years after *Welch* and clarified the state of the law with respect to imminent danger in conjunction allegation of conduct occurring subsequent to the filing of the complaint.[8]  In a footnote, Judge Peebles cited *Salahuddin* and stated that it was "arguable" that Welch could no longer satisfy the imminent danger exception due to his transfer. *Id.* at *6 n.4.  This statement was not a holding.[9]

Plaintiff Dillon filed his complaint while he was still at Clinton.  If he had been transferred *prior to filing*, then the danger would have "dissipated" by the time the

---

[8] In *Chavis*, the plaintiff added new allegations in a motion for preliminary injunction and in a motion to amend that were considered by the court in its analysis of imminent danger. 618 F.3d at 166, 170-71.

[9] The court notes that *Welch* has been interpreted as finding no imminent danger "in part because plaintiff had been transferred to another facility *prior to* filing the Complaint." *Dillon v. Blake*, No. 14-CV-2416, 2014 WL 4966086, at *2 n.4 (E.D.N.Y. Oct. 3, 2014) (one of this plaintiff's cases in which Judge Garaufis revoked IFP, finding no imminent danger because plaintiff was transferred "prior to" filing the complaint).  It is also interesting to note that plaintiff was claiming sexual misconduct by the defendant in *Dillon v. Blake*. *Id.* at *2.  Plaintiff was claiming that defendant Blake had threatened to sexually assault or forcibly rape the plaintiff. *Id.*  The court noted that it did not take such claims lightly, but because plaintiff had already been transferred out of the facility when he filed the action, the court did not find imminent danger. *Id.*

8

complaint was filed and would not qualify as "imminent" under the statute. *Chavis*, 618 F.3d at 169. Judge Sannes has interpreted *Chavis* to hold that the plaintiff may supplement his allegations regarding imminent danger. (Dkt. No. 11 at 6). In this case, plaintiff supplemented his claims prior to being transferred to another facility, and although the incident with Johnson was over,[10] plaintiff alleged that he "fear[ed] for [his] life that Clinton staff in correctional facility [sic] is going to retaliation [sic] against [him]." (Dkt. No. 9 (Supplement) – 4/6/15 at 3; Dkt. No. 12 – (Change of Address Effective 4/27/15).

While Judge Sannes stated that her finding regarding imminent danger was "preliminary," defendants have not presented anything in their motion that would change Judge Sannes's finding. Thus, this court must rely Judge Sannes's findings and must recommend denying the defendants' motion to dismiss.

The court notes that plaintiff has also filed a motion for appointment of counsel. (Dkt. No. 41). Plaintiff has also filed an motion that has been interpreted as a request for "reconsideration for Dr. Adams to be a party to this action and to amend his complaint." (Dkt. No. 29). These motions will be addressed separately.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to revoke plaintiff's IFP status and dismiss the action without prejudice be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file

---

[10] As stated above, plaintiff may not show imminent danger if the danger has "dissipated" by the time he files his action. *Pettus*, 554 F.3d at 296.

9

written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 10, 2016

Hon. Andrew T. Baxter
U.S. Magistrate Judge